NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN HENRY RODGERS, *Appellant.*

No. 1 CA-CR 18-0283
FILED 4-30-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-005421-001
The Honorable Erin Otis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

KBUnited, LLC, Phoenix
By Kerrie M. Droban
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

---

**P E R K I N S**, Judge:

¶1          John Henry Rodgers III timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction for one count of misconduct involving weapons, a class 4 felony. Rodgers's counsel has searched the record on appeal but found no arguable question of law that is not frivolous, and asks this Court search the record for fundamental error. Rodgers was given an opportunity to file a supplemental brief *in propria persona*, but has not done so. We have reviewed the record and found no reversible error. Accordingly, Rodgers's conviction and sentence are affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2          On December 16, 2014, police from the Maricopa County Sheriff's Office and Homeland Security Investigations conducted a lawful traffic stop of a sport utility vehicle ("SUV") driven by Rodgers. Once Rodgers stopped the SUV, officers approached the vehicle and asked him to step out. Rodgers exited the vehicle, raised his hands, and told the officers that he gave up and wanted to talk to the police.

¶3          The officers detained Rodgers, impounded the SUV, and conducted an inventory of the vehicle. During the inventory, police found a loaded .40 caliber pistol between the center console and the driver's seat. Officers tested the pistol at a shooting range and confirmed that it was operable.

¶4          After properly informing Rodgers of his *Miranda* rights, police conducted a custodial interview. During the interview, Rodgers told police that both the SUV and pistol belonged to his sister. Rodgers also confirmed to police that he knew that the pistol was in the SUV between the driver's seat and the center console. He told police that when he borrowed his sister's SUV, he asked his sister to leave the pistol in the vehicle where it was hidden because he might need it.

¶5        The State charged Rodgers with one count of misconduct involving weapons, a class 4 felony. During Rodgers's four-day trial, the State and Rodgers stipulated that Rodgers was a prohibited possessor and that he was driving the SUV at the time of the lawful traffic stop. The State presented testimony and evidence showing that Rodgers had control over the pistol and that it was loaded and operable as of the stop. The jury found Rodgers guilty and then found one aggravating circumstance. The court sentenced Rodgers to five years of imprisonment for misconduct involving weapons.

## DISCUSSION

¶6        On appeal, we view the facts, as reflected in the record, in the light most favorable to sustaining the convictions. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015). Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300–01 (describing our *Anders* review process). An individual is guilty of misconduct involving weapons if the defendant knowingly possessed a deadly weapon and was a prohibited possessor at the time of possession of the weapon. Ariz. Rev. Stat. ("A.R.S.") § 13-3102(A)(4). Our review of the record reveals sufficient evidence upon which the jury could rely to determine, beyond a reasonable doubt, that Rodgers is guilty of the charged offense.

¶7        The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, that Rodgers was represented by counsel at all stages of the proceedings, and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly composed of eight jurors, and the record shows no evidence of jury misconduct. A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Rodgers's presumption of innocence. At sentencing, Rodgers had the opportunity to speak, and the court stated on the record the factors it found in imposing the sentences. Ariz. R. Crim. P. 26.9, 26.10. The court credited Rodgers with a sufficient amount of presentence incarceration credit and imposed a sentence that was within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

## CONCLUSION

¶8        This Court has read and considered counsel's brief, and has searched the record for fundamental error and has found none. *Leon*, 104

Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Accordingly, Rodgers's conviction and resulting sentence is affirmed.

**¶9** Upon filing of this decision, defense counsel is directed to inform Rodgers of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Rodgers shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA